# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS ANTHONY FOREMAN,<br><br>Defendant. | Case No: 21cv0043 DMS; 14cr1288 DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION AND SENTENCE** |

On March 11, 2016, Defendant was found guilty of participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 1077.) As part of the verdict, the jury also made special findings that the RICO conspiracy included the agreement that one of the co-conspirators would commit one or more of the following racketeering acts in furtherance of the conspiracy: (1) murder, (2) conspiracy to commit murder, (3) sex trafficking of a minor, and (4) sex trafficking by force, fraud or coercion. (*Id.*) The Ninth Circuit affirmed Defendant's conviction and sentence in an unpublished opinion filed on April 30, 2019. (ECF No. 1429.)

On January 7, 2021, Defendant filed the present motion under § 2255. In his motion, Defendant raises a number of arguments. First, he asserts there was insufficient evidence

1

to support his conviction. Second, he argues he was prejudiced by the admission of a video recording. Third, Defendant claims he received ineffective assistance of trial counsel. Fourth, Defendant contends the verdict was vague, and his sentence should therefore be reduced to 20 years. Fifth Defendant argues the conspiracy for which he was convicted varied from the conspiracy alleged in the indictment. Sixth, Defendant asserts the prosecutor engaged in misconduct. Seventh, Defendant claims the expert opinion went beyond the scope of the proffer and was prejudicial. Eighth, Defendant contends he received ineffective assistance of appellate counsel. Ninth, Defendant argues cumulative error. The United States responds that Defendant's fourth claim and one of his allegations of prosecutorial misconduct were already litigated, and should be denied on that basis. The United States also argues Defendant did not receive ineffective assistance of trial or appellate counsel. As to Defendant's remaining arguments, the United States asserts they are barred by the procedural default rule.

The Court agrees with the United States' first argument that claim 4 and one of Defendant's allegations of prosecutorial misconduct were resolved on direct appeal, and thus cannot serve as the basis for relief under § 2255. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition.")

Turning to Defendant's ineffective assistance of counsel claims, Defendant must meet two requirements to prevail. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show his attorney's representation fell below an objective standard of reasonableness. *Id.* at 688. Second, Defendant must show prejudice, *i.e.*, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694.

Here, Defendant asserts his trial counsel provided ineffective assistance in the following respects: (1) She failed to produce evidence disproving that Defendant acted in concert with his co-conspirators, (2) she refused to request "elemental language" and a more

specific gang instruction, (3) she failed to effectively represent Defendant during plea negotiations, and (4) she discouraged Defendant from testifying on his own behalf and failed to object to the prosecutor's comment on Defendant's decision not to testify. Despite these assertions, Defendant "has not supported his claim with sufficient argument, statements of specific facts, or citations to the trial record." *United States v. Bickle*, No. 2:10-cr-00565-RLH-PAL, 2016 WL 155004, at *2 (D. Nev. Jan. 13, 2016). Indeed, the United States points out that counsel submitted an instruction on the RICO count, (*see* ECF No. 965), contrary to Defendant's suggestion. Accordingly, Defendant's ineffective assistance of trial counsel claim fails.[1]

As for Defendant's remaining claims, the United States argues they are barred by the procedural default rule. "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citations omitted). Here, Defendant admits he did not raise claims 1 or 2 on direct appeal, (Mot. at 5, 6), and the record reflects he did not raise his other claims on direct appeal. *See United States v. Ross*, United States Court of Appeals for the Ninth Circuit, Case No. 16-50357, ECF No. 21. Thus, in order for this Court to consider these claims, Defendant must show cause and prejudice or actual innocence.

Defendant attempts to meet the cause standard for claims 1 and 2 by asserting his appellate counsel refused to raise those claims, but as discussed above, Defendant has not shown counsel's decision was objectively unreasonable. In the absence of that showing, Defendant has not demonstrated the cause necessary to overcome the procedural bar. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986) ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs

---

[1] Defendant's claim that his appellate counsel was ineffective fails for the same reasons, i.e., it is based solely on conclusory allegations rather than specific facts, and is unsupported by any evidence.

on appeal rather than at trial.")  Accordingly, the remainder of Defendant's claims do not entitle him to habeas relief.

For these reasons, Defendant's motion to vacate, set aside, or correct his conviction and sentence is denied.[2]  The Court also denies a certificate of appealability because Defendant has not made "a substantial showing of a denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

Dated:  January 13, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2]  In light of the Court's discussion above, Defendant's motion for appointment of counsel is denied, *see United States v. Crow*, No. 1:17-CR-00242-LJO-SKO-1, 2019 WL 3996620, at *1-2 (E.D. Cal. Aug. 23, 2019) (denying motion for appointment of counsel to assist with § 2255 petition where issues were not so complex that denial of appointment of counsel would deprive defendant of his right to due process), as is his motion for discovery and to expand the record. *See United States v. Grimm*, No. 2:08-cr-00064-JCM-GWF-1, 2019 WL 7877344, at *2 (D. Nev. July 29, 2019) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)) (stating good cause for discovery exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief ….'")

4